Richard P. Sybert, Bar No. 80731
rsybert@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Tel (619) 230-7768 / Fax (619) 696-7124

Reid E. Dammann, Bar No. 249031
rdammann@gordonrees.com
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Tel (213) 576-5000 / Fax 213-680-4470

Attorneys for Plaintiff
LANARD TOYS LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lanard Toys Limited<br><br>Plaintiff,<br><br>vs.<br><br>Five Below, Inc., and RMS International (USA) Inc.<br><br>Defendants. | CASE NO. 2:18-cv-05845 CAS (MAAx)<br><br>**FIRST AMENDED COMPLAINT FOR**<br><br>**1) FALSE DESIGNATION OF ORIGIN [15 U.S.C. §1125(A)];**<br><br>**2) TRADEMARK INFRINGEMENT [15 U.S.C. §1114];**<br><br>**3)PATENT INFRINGEMENT [35 U.S.C §271];**<br><br>**4) COPYRIGHT INFRINGEMENT [17 U.S.C. §101 *ET SEQ*];**<br><br>**5) CALIFORNIA UNFAIR COMPETION; [Cal. B.&P. Code §17200 *et seq*.]**<br><br>**JURY TRIAL DEMANDED** |

/ / /

/ / /

/ / /



Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff Lanard Toys Limited ("Lanard") hereby alleges the following as its Complaint against Defendants Five Below, Inc. ("Five Below") and RMS International (USA) Inc. ("RMS USA") (collectively, "Defendants").

## NATURE OF THE ACTION

2. This is an action for false designation of origin, trademark infringement, design patent infringement, copyright infringement and unfair competition arising from Defendants' unauthorized making, using, offering to sell, and/or selling a chalk toy and a toy foam gun that shoots soft foam darts, both of which infringe Lanard's intellectual property, including trademark, patent, and copyright. Defendants' infringements have irreparably harmed the goodwill and reputation of Lanard and caused Lanard irreparable damage and monetary harm, for which Lanard requests relief in this Court.

## THE PARTIES

3. Plaintiff Lanard Toys Limited is a Hong Kong company with its principal place of business at Elite Centre, 28th Floor, 22 Hung To Road, Kwun Tong, Kowloon, Hong Kong. Lanard manufactures and sells toys throughout the world, including to companies in the United States.

4. Upon information and belief, Defendant Five Below is a Philadelphia company with its principal place of business at 1818 Market Street, Suite 2000, Philadelphia, PA 19103. Upon information and belief, Five Below is a chain of discount stores that sells various products.

5. Upon information and belief, Defendant RMS International (USA) Inc. is a Florida corporation with its principal place of business at 8323 NW 12th Street, Suite 111, Miami, Florida 33126. On information and belief, RMS USA is the United States-based affiliate of RMS International UK Ltd. and RMS Hong Kong, which manufacture toys and import and sell them into throughout the United States, including this district.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, 271 and 289 *et seq*.; for trademark infringement arising under the federal Lanham Act, 15 U.S.C. §§ 1051 *et seq*.; for copyright claims arising under United States Copyright Act, 17 U.S.C. §§ 101 *et seq*.; and for related claims for unfair competition arising under state law.

7. This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b), as this action arises under the Patent Act, 35 U.S.C. §1 *et seq*., the Lanham Act (15 U.S.C. §§ 1051 *et seq*.), the United States Copyright Act (17 U.S.C. §§ 101 *et seq*.), and includes claims of unfair competition that are joined with substantially related claims under the patent, and trademark laws of the United States pursuant to 28 U.S.C. § 1338(b).

8. This Court has supplemental jurisdiction over the state law claims of this Complaint pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper within this District under 28 U.S.C. § 1391(b) and 28 U.S.C. §§ 1400(a) and (b) because defendants have committed acts of infringement and have regular and established places of business in this District.

10. Defendants regularly conduct business in this district and throughout the United States, and actively engaged in promoting, advertising, marketing, and/or offering products within this judicial district, including the accused products at issue in this lawsuit. Defendants have placed and continue to place infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District. The acts by Defendants cause injury to Plaintiff within this District. Upon information and belief, Defendants derive substantial revenue from the sale of infringing products within this District, expect their actions to have consequences within this District,

and derive substantial revenue from interstate commerce. Defendants' contacts with this district are sufficient to confer personal jurisdiction over Defendants.

**BACKGROUND FACTS**

**Lanard And Its Distinctive CHALK BOMB!® Product**

11. Lanard is a leading manufacturer and seller of toys throughout the world, including sales on a private label basis to other toy retailers.

12. In 2015, Lanard's designers developed a unique and original chalk toy— a hand-sized bag filled with powdered chalk styled as a hand grenade. Children can toss it at targets or others to leave marks of colored, washable chalk. The products come in a variety of fabric colors with corresponding internal chalk colors and feature either a yellow or red cord "fuse."

13. Lanard called its toy the "Chalk Bomb" and has sold it packaged as single toys or in multi-packs of three and ten. And as detailed below, Lanard sought and received various forms of intellectual property protection for the "Chalk Bomb" product. A photograph of the toys in point-of-sale packaging is shown below:




Lanard Chalk Bomb!

14. Lanard published its work, the Chalk Bomb! Product, by November 7, 2015. It submitted two copyright applications for the packaging to the United States Copyright Office on December 29, 2015. The Copyright Office registered Lanard's copyrights effective as of the same date and assigned Registration Nos. VA 2-022-296 and 1-999-283. True and accurate copies of the applications and resulting registrations, are attached hereto as Exhibits A and B. Since that time, Lanard has remained the sole owner of these copyrights.

15. Lanard also applied for a federal trademark registration for the mark CHALK BOMB! for "toys comprised of chalk powder, namely, tossing toys and drawing toys" in International Class 028. The mark registered as U.S. Registration No. 5,046,808. A true and accurate copy of the registration certificate is attached hereto as Exhibit C.

16. Lanard also applied for and received several design patents, and is the owner by way of assignment, on its ornamental design of the "Chalk Bomb!" product from the United States Patent and Trademark Office. On December 5, 2017, Lanard received a registration for Design Patent No. D804,596 for the Chalk Bomb! (hereinafter "'596 Patent"), a true copy of which is attached hereto as Exhibit D. On April 10, 2018, Lanard received a registration from the United States Design Patent No. D815,220 (hereinafter "'220 Patent"), a true copy of which is attached hereto as Exhibit E. The '220 Patent claimed priority to, and is a divisional application of, the '596 Patent, both of which are referred to hereinafter collectively (unless referred to individually) as the "Asserted Patents").

17. By virtue of significant sales, quality and uniqueness of design, and the substantial time, effort, and money expended over the years by Lanard in creating, promoting, and popularizing this product, Lanard has developed a valuable reputation and goodwill in connection with its CHALK BOMB!® and the trade dress associated therewith. Lanard enjoys substantial demand for this product, and Lanard's trade dress embodied in the CHALK BOMB!® has become

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

well known to consumers and the trade by widespread, continuous, and exclusive use thereof. The purchasing public and customers of Lanard associate the CHALK BOMB!® trade dress exclusively with Lanard. Such trade dress is protectable and has acquired secondary meaning.

18. As a result of the foregoing, the relevant public has come to recognize an association between the CHALK BOMB!® design and Lanard, and have come to understand chalk toys having the design elements used by Lanard are made exclusively by Lanard or otherwise are associated with Lanard.

**<u>Lanard And Its Original "Total X-Stream Air Over Under" Product</u>**

19. In 2005, Lanard designed and created an original toy foam gun that shoots soft foam darts, called the "Total X-Stream Air - Over Under." Lanard published its work for this toy design by June 9, 2006. It submitted a copyright application for the original design to the United States Copyright Office. The Copyright Office registered Lanard's copyright effective as of November 8, 2012 and assigned Registration No. VA 1-842-993. A true and accurate copy of the application and resulting registration, are attached hereto as Exhibit F. Since that time, Lanard has remained the sole owner of these copyrights. A picture of the "Total X Stream Air Over Under" product is provided below:

////

////

////

////

////

////

////

////

////

////




**<u>Defendants' Wrongful Conduct</u>**

**Infringement of Lanard's "Chalk Bomb!"**

20. Defendants are now and have been offering for sale in this district, and elsewhere in the United States, an unauthorized and infringing product, entitled the "Chalk Smash" (alternatively "Accused Chalk Product"). A picture of the "Chalk Smash" product offered by the Defendants is reproduced below along with Lanard's CHALK BOMB!® product.

////

////

////

////

////

////

////

////

////

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

| CHALK BOMB®! | CHALK SMASH |
|---|---|
|   |   |

21. Upon information and belief, the Accused Chalk Product comes in a variety of fabric colors with corresponding internal chalk colors is identical or substantially similar to Lanard's CHALK BOMB! Product.

22. Upon information and belief, the Accused Chalk Product, its packaging and trademark "Chalk Smash," are remarkably or confusingly similar to Lanard's CHALK BOMB!®, and copy the original protectable expression in Lanard's design.

23. Upon information and belief, Defendant RMS is the manufacturer and supplier of the Accused Chalk Product and Five Below is selling the Accused Chalk Product, which is sold in a variety of different colored fabric bags with correspondingly colored internal chalk in packs of four.

24. The respective actions of both RMS and Five Below illustrate that neither respects intellectual property rights, and each is a serial infringer. In particular, this is not the first time RMS or Five Below has manufactured and sold a product infringing Lanard's intellectual property rights:

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

25. Five Below has not only infringed Lanard's intellectual property rights by making, selling, using and/or manufacturing its "Chalk Smash" product, but as alleged below Five Below has also infringed Lanard's intellectual property rights with respect to its "AIR FORCE Quick-Fire Air Blaster" product.

26. As to RMS, prior to this Complaint, Lanard has also sued RMS in the Western District of Missouri for, among other things, copyright, trade dress, and trademark infringement for manufacturing and selling a product called "Chalk Attack." Lanard sued RMS again in the Central District of California on the same grounds for manufacturing and selling a product called (just like the Lanard proprietary product being knocked off) "Chalk Bomb." In both of these matters, RMS faced the same allegations as asserted herein, based on much of the same violations of Lanard's intellectual property rights. It appears that the only distinction between the RMS "Chalk Bomb" and "Chalk Attack" knock-off products in the prior actions, and the accused RMS "Chalk Smash" product in this action, is the removal of a "fuse" from the product. However, as alleged herein, this re-design by RMS still infringes the same intellectual property rights of Lanard as in the previous litigation, and in addition now also constitutes patent infringement. Lastly, RMS infringed Lanard's intellectual property rights in both product and name, including registered U.S. copyright, when it offered for sale a product called the "Bubble Copter," which was the subject of Lanard's "cease-and-desist" letter in 2014.

27. Upon information and belief, the Defendants' "Chalk Smash" product infringes on Lanard's Asserted Patents in its protected design. The Accused Chalk Product and the Asserted Patents are provided below in a side-by-side comparison, and reveal that Defendants' "Chalk Smash" product is identical or substantially similar to the Asserted Patents.

////

////

<table>
<tr>
<td rowspan="2"><u>ACCUSED CHALK PRODUCT “CHALK SMASH”</u><br><br><br>Exhibit G</td>
<td><u>D804,596</u><br>FIG. 1<br></td>
</tr>
<tr>
<td><u>D815,220</u><br>FIG. 1<br></td>
</tr>
</table>

28. Defendants are thus marketing, advertising, and selling identical or similar products embodying original protected expression, trademark confusingly similar to Lanard’s CHALK BOMB!® and infringing the Asserted Patents of Lanard.

29. Because of Lanard’s registered trademark, the relevant public has and continues to be deceived and/or confused into believing that the Defendants’

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

unauthorized "Chalk Smash" originated from Lanard, or is somehow authorized, sponsored by, or in some way associated with Lanard.

30. Defendants' unauthorized reproduction of Lanard's trademark and product has created a likelihood of confusion among the relevant public due to the relevant public's association between the look of Lanard's work and Lanard.

31. Defendants 'unauthorized infringement has been willful, and has intentionally interfered with Lanard's business relations by offering to sell the Accused Chalk Product, thereby wrongfully diverting sales from Lanard.

32. Defendants' unauthorized use and infringement, promotion, and sale of the Accused Chalk Product have caused Lanard irreparable financial harm.

**Infringement of Lanard's "Total X Stream Air Over Under"**

33. Furthermore, Five Below is also, now and has been, offering for sale in this district, and elsewhere in the United States, an unauthorized and infringing product, entitled the "AIR FORCE Quick-Fire Air Blaster" (item number of FB11741) (alternatively "Accused Gun Product")(collectively, "Accused Chalk Product" and "Accused Gun Product," are the "Accused Products").

34. A picture of the accused "AIR FORCE Quick-Fire Air Blaster" product offered by Five Below is reproduced below in comparison with Lanard's Registration in its "Total X-Stream Air - Over Under," Registration No. VA 1-842-993 (Exhibit F).

////

////

////

////

////

////

////

////

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

| AIR FORCE QUICK-FIRE AIR BLASTER |
| --- |
|  |
| TOTAL X-STREAM AIR OVER UNDER |
|  |

35. Lanard has established copyrights in the design of its "Total X-Stream Air - Over Under," and its design constitutes copyrightable subject matter under the copyright laws of the United States. Lanard is the owner of U.S. Copyright Registration No. VA 1-842-993 directed to its "Total X-Stream Air - Over Under" design. Lanard is the owner of all right, title, and interest in and to the copyrights in this design.

36. Five Below's copying and use of the accused "AIR FORCE Quick-Fire Air Blaster" is a violation of Lanard's exclusive rights to the original work of authorship in the "Total X-Stream Air – Over Under" design, including but not limited to the exclusive right to make reproductions and distribute copies to the public.

37. Upon information and belief, the acts of Five Below were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights.

38. The aforesaid infringement by Five Below has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Lanard's property and business. Lanard has no adequate remedy at law.

39. Upon information and belief, by the acts alleged above, Five Below has made substantial profits to which they are not entitled and have caused Lanard to lose sales and/or other opportunities for monetary relief.

**FIRST CLAIM FOR RELIEF**

**<u>False Designation of Origin Under 15 U.S.C. § 1125(a)</u>**

**(against both Defendants)**

40. Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

41. United States Trademark Registration No. 5,046,808 for the mark "CHALK BOMB!" was duly and legally issued by the United States Patent and Trademark Office on September 20, 2016.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

42. Defendants' use of the "Chalk Smash" mark in interstate commerce, without Lanard's consent, is a false designation of origin causing a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public. The Defendants' conduct has infringed Lanard's trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

43. By reason of the foregoing, Lanard has been injured in an amount not yet fully determined. Further, the Defendants' have been unjustly enriched by virtue of its deception of consumers and misappropriation of Lanard's goodwill.

44. As a result of the Defendants' acts of infringement, Lanard suffered and will continue to suffer irreparable harm for which Lanard has no adequate remedy at law, including damage to Lanard's goodwill. Unless the Defendants' acts of infringement are enjoined by this Court, Lanard will continue to suffer irreparable harm.

45. Defendants' actions were known and continue to be, intentional, wanton, and willful. The principles of equity warrant an award to Lanard of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

**SECOND CLAIM FOR RELIEF**

**Trademark Infringement (15 U.S.C. § 1114)**

**(against both Defendants)**

46. Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47. This claim is for trademark infringement under the laws of the United States, Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

48. United States Trademark Registration No. 5,046,808 for the mark "CHALK BOMB!" was duly and legally issued by the United States Patent and Trademark Office on September 20, 2016.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

49. Defendants used the "Chalk Smash" mark to promote and sell the Defendants' Accused Chalk Product in violation of Lanard's rights in its registered trademark.

50. Defendants' use of the "Chalk Smash" mark is likely to cause confusion, mistake, and to deceive consumers.

51. Defendants' actions constitute a blatant attempt to confuse the consuming public and to trade off Lanard's goodwill.

52. Defendants acted knowingly and willfully, with full knowledge of the likelihood of confusion and with the intent to deceive consumers in order to trade off the efforts and earned goodwill and reputation of Lanard.

53. By reason of the foregoing acts of trademark infringement, Lanard has been injured in an amount not yet ascertained. Further, the Defendants have been unjustly enriched by virtue of its deception of consumers and misappropriation of Lanard's goodwill.

54. In addition, as a result of Defendants' acts of infringement, Lanard suffered and will continue to suffer irreparable harm for which Lanard has no adequate remedy at law, including damage to Lanard's goodwill. Unless the Defendants' acts of infringement are enjoined by this Court, Lanard will continue to suffer irreparable harm.

55. Defendants' actions have been done with knowledge, and have been intentional, wanton, and willful. The principles of equity warrant an award to Lanard of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## **THIRD CLAIM FOR RELIEF**

**(Patent Infringement of D804,596 and D815,220)**

**(against both Defendants)**

56. Plaintiff incorporates and realleges Paragraphs 1 through 55 of this Complaint.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

57. Upon information and belief, Defendants have infringed and continue to infringe U.S. Design Patents D804,596 and D815,220 by using, selling and/or offering to sell in the United States, and/or importing into the United States its "Chalk Smash" product, which embodies the design covered by U.S. Design Patents D804,596 and D815,220.

58. The aforementioned acts by the Defendants in causing confusion among the relevant public and causing a false association or sponsorship between the Defendants' goods and Lanard, in California and elsewhere constitute unlawful, unfair, and fraudulent business practices prohibited by Business & Professions Code Section 17200 *et seq*.

59. The acts by the Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights.

60. As a result of the Defendants' unfair competition, Lanard has suffered damage to its goodwill and reputation and has lost sales of its products.

61. Defendants have made substantial profits based on its unauthorized sales of their infringing "Chalk Smash" product.

62. Upon information and belief, the aforesaid conduct by the Defendants have caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable harm to Lanard's property and business. Lanard has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**

**Copyright Infringement Under 17 U.S.C. § 101 et seq.**

**(against Five Below)**

63. Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

64. Lanard has established copyrights in the design of its "Total X-Stream Air - Over Under," U.S. Copyright Registration No. VA 1-842-993 and its design constitute copyrightable subject matter under the copyright laws of the United

States. Lanard is the owner of U.S. Copyright Registration No. VA 1-842-993 directed to its "Total X-Stream Air - Over Under" design. Lanard is the owner of all right, title, and interest in and to the copyrights in this design.

65. Five Below's copying and use of Lanard's "Total X-Stream Air – Over Under" design is a violation of Lanard's exclusive rights to the original work of authorship in the design, including but not limited to the exclusive right to make reproductions and distribute copies to the public.

66. Upon information and belief, the acts of Five Below were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights.

67. The aforesaid infringement by Five Below has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Lanard's property and business. Lanard has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**

**Unfair Competition Under CaliforniaBus. & Prof. Code § 17200 *et seq*.**

**(against both Defendants)**

68. Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69. The aforementioned acts by the Defendants in causing confusion among the relevant public and causing a false association or sponsorship between the Defendants' goods and Lanard, and by manufacturing, offering to sell, selling and/or importing the Accused Gun and Chalk Products, in California and elsewhere constitute unlawful, unfair, and fraudulent business practices prohibited by Business & Professions Code Section 17200 *et seq*.

70. The acts by the Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights.

71. As a result of the Defendants' unfair competition, Lanard has suffered damage to its goodwill and reputation and has lost sales of its products.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

72. The Defendants have made substantial profits based on its unauthorized sales of their Accused Gun and Chalk Products.

73. Upon information and belief, the aforesaid conduct by the Defendants have caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable harm to Lanard's property and business. Lanard has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lanard demands judgment as follows:

A. A declaration that the Defendants have willfully infringed Lanard's registered trademark and that Defendants' use in commerce of the mark Chalk Smash causes damage to Plaintiff;

B. A declaration that the Defendants willfully infringed each of the Asserted Patents and that Five Below willfully infringed Plaintiff's copyrighted works;

C. A preliminary and permanent injunction enjoining the Defendants , its officers, agents, servants, employees, attorneys, and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from: further acts of infringement of the Asserted Patents and copyrights; utilizing or imitating Plaintiff's trademark, including but not limited to manufacturing, distributing, advertising, selling, or offering for sale, any products which use any trademark which is confusingly similar to Plaintiff's CHALK BOMB!®; injuring the commercial reputation, renown, and goodwill of Plaintiff; and unfairly competing with Plaintiff in any manner whatsoever and ordering the Defendants to cancel all orders for the Accused Chalk Product embodying Plaintiff's design patents and trademark confusingly similar to Plaintiff's CHALK BOMB!® and protected ornamental designs; and for Five Below to cancel all orders for the Accused Gun Product, ordering the Defendants to deliver up for destruction all Accused Chalk Products and Accused Gun Products, respectively,

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

labels, signs, prints, catalogues, sell sheets, purchase orders, invoices, packages, wrappers, receptacles, articles, advertisements, and/or promotional materials in their possession referring or relating to the Accused Gun Products and Accused Chalk Products, respectively, or other products incorporating Plaintiff's protected copyrights, ornamental designs or trademark confusingly similar to Plaintiff's registered copyrights, trademark and all plates, models, matrices, tooling, computer programs, and other means of making the same, and ordering the Defendants to recall any and all Accused Gun Products and Accused Chalk Products, respectively, and infringing goods, or other products incorporating Plaintiff's registered copyrights, protected designs and trademarks that are infringing, identical, substantially similar or confusingly similar to Lanard's registered copyrights, design patents, and trademarks;

D. An award to Plaintiff of its actual damages and for all profits realized by the Defendants in connection with its infringing activities;

E. An award to Plaintiff of treble, exemplary, and/or punitive damages;

F. An award to Plaintiff of its reasonable attorney fees pursuant to 17 U.S.C. § 505 and/or 15 U.S.C. § 1117(a), filing fees, and the costs of this action;

G. A judgment declaring this case to be exceptional and awarding Plaintiff their reasonable attorneys fees pursuant to 35 U.S.C. § 285;

H. A judgment awarding Plaintiff all damages adequate to compensate for Defendants' infringement of the Asserted Patents, and particularly Defendants' total profits pursuant to 35 U.S.C. § 289.

I. A judgment awarding Plaintiff all damages, costs, and interest, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest.

J. An accounting of Defendants' profits.

K. Prejudgment and post judgment interest on the above monetary awards; and

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

L. Such other and further relief as this Court deems equitable and just

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

Dated: August 10, 2018

Respectfully Submitted,

GORDON & REES LLP

By: */s/Richard P. Sybert*
Richard P. Sybert
Reid E. Dammann
Attorneys for Plaintiff
LANARD TOYS LIMITED

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101