Jeffrey M. Goldman, Esq. (SBN 233840)
E-mail: goldmanj@pepperlaw.com
PEPPER HAMILTON LLP
4 Park Plaza, Suite 1200
Irvine, California 92614
Telephone: 949.567.3500
Fax: 949.863.0151

Attorneys for Defendant
*Five Below, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lanard Toys Limited,<br><br>                      Plaintiff,<br><br>v.<br><br>Five Below, Inc. and RMS International (USA) Inc.,<br><br>                      Defendants | Case No. 2:18-cv-05845 CAS (MAAx)<br><br>**FIVE BELOW, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT; AND FIVE BELOW, INC.'S COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

#50199240 v3

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Five Below, Inc. ("Five Below"), by and through its undersigned attorneys, hereby answers Plaintiff's Complaint as follows:

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Admitted only that the document states what Plaintiff asserts is its causes of action.

## NATURE OF THE ACTION

2. Admitted only that Plaintiff asserts claims for false designation origin, trademark infringement, design patent infringement, copyright infringement and unfair competition. It is specifically denied that Five Below is liable for any cause of action asserted by Plaintiff or that Plaintiff has suffered any harm.

## THE PARTIES

3. Five Below is without sufficient information or information to form a belief as to the truth of the allegations contained in paragraph 3 of the First Amended Complaint, and therefore denies the allegations.

4. Admitted in part, denied in part. Five Below admits that it operates stores selling various consumer products at affordable prices. Five Below denies that its principal place of business is located at 1818 Market Street, Suite 2000, Philadelphia, PA 19103. Five Below's current principal place of business is located at 701 Market Street, Philadelphia, PA 19106.

5. Five Below is without sufficient information or information to form a belief as to the truth of the allegations contained in paragraph 5 of the First Amended Complaint, and therefore denies the allegations.

## JURISDICTION AND VENUE

6. Admitted only that the First Amended Complaint purports to assert claims arising under the Patent Act, Lanham Act, Copyright Act and a claim for unfair competition under state law.

7. Five Below does not contest the subject matter jurisdiction of this Court.

8. Five Below does not contest the subject matter jurisdiction of this Court.

9. Five Below does not contest venue in this Court

10. Five Below does not contest the exercise of personal jurisdiction by this Court

## BACKGROUND FACTS

11. Five Below is without sufficient information or information to form a belief as to the truth of the allegations contained in paragraph 11 of the First Amended Complaint, and therefore denies the allegations.

12. Five Below is without sufficient information or information to form a belief as to the truth of the allegations contained in paragraph 12 of the First Amended Complaint, and therefore denies the allegations.

13. Five Below is without sufficient information or information to form a belief as to the truth of the allegations contained in paragraph 13 of the First Amended Complaint, and therefore denies the allegations.

14. Five Below is without sufficient information or information to form a belief as to the truth of the allegations contained in paragraph 14 of the First Amended Complaint, and therefore denies the allegations.

15. Admitted upon information and belief.

16. Admitted upon information and belief.

17. Five Below is without sufficient information or information to form a belief as to the truth of the allegations contained in paragraph 17 of the First Amended Complaint, and therefore denies the allegations.

18. Five Below is without sufficient information or information to form a belief as to the truth of the allegations contained in paragraph 18 of the First Amended Complaint, and therefore denies the allegations.

1  19. Five Below is without sufficient information or information to form a belief as to the truth of the allegations contained in paragraph 19 of the First Amended Complaint, and therefore denies the allegations.

20. Admitted only that Five Below sold a product entitled "Chalk Smash." The remaining allegations of the paragraph, including that the "Chalk Smash" infringes any rights possessed by Plaintiff, are specifically denied.

21. Admitted only that the "Chalk Smash" product was offered in a variety of both fabric and chalk colors. Five Below is without sufficient information or information to form a belief as to the truth of the allegation contained in paragraph 21 of the First Amended Complaint, that the fabric and internal chalk colors are identical or substantially similar to those found in Plaintiff's product and the allegation is, therefore, denied. Five Below denies that Plaintiff possesses any exclusive or proprietary rights to any colors.

22. Denied.

23. Admitted only that Five Below sold a "Chalk Smash" product that it purchases from RMS International (USA) Inc. and that the product is sold in packaging containing four colored fabric bags containing colored chalk.

24. Denied.

25. Denied.

26. Five Below is without sufficient information or information to form a belief as to the truth of the allegations contained in paragraph 26 of the First Amended Complaint, and therefore denies the allegations.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Admitted only that Five Below sold a product called "AIR FORCE Quick-Fire Air Blaster." The remaining allegations of this paragraph are denied.

34. Admitted only that the paragraph contains what appears to be an accurate depiction of the "AIR FORCE Quick-Fire Air Blaster."

35. Five Below is without sufficient information or information to form a belief as to the truth of the allegations contained in paragraph 35 of the First Amended Complaint, and therefore denies the allegations.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## FIRST CLAIM FOR RELIEF

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A)

40. Five Below incorporates its answers to paragraphs 1-39 as if fully set forth herein.

41. Admitted upon information and belief.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## SECOND CLAIM FOR RELIEF

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1114

46. Five Below incorporates its answers to paragraphs 1-45 as if fully set forth herein.

47. Admitted only that the paragraph purports to state a claim for trademark infringement.

48. Admitted upon information and belief.

49. Admitted only that Five Below used the "Chalk Smash" mark. It is specifically denied that Five Below's use infringed any right possessed by Plaintiff.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

### THIRD CLAIM FOR RELIEF
### PATENT INFRINGEMENT

56. Five Below incorporates its answers to paragraphs 1-55 as if fully set forth herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

### FOURTH CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101, ET SEQ.

63. Five Below incorporates its answers to paragraphs 1-62 as if fully set forth herein.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

# FIFTH CLAIM FOR RELIEF

## UNFAIR COMPETITION UNDER CALIFORNIA BUS. & PROF. CODE § 17200, *ET SEQ.*

68. Five Below incorporates its answers to paragraphs 1-67 as if fully set forth herein.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by patent misuse.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's trademark claims are barred, in whole or in part, by the doctrine of fair use.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged infringement is *de minimis*.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged trademarks are descriptive without secondary meaning and/or because the alleged trademarks are generic.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's inequitable conduct in failing to disclose all prior art to the United States Patent and Trademark Office.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the claimed copyright is not protectable under 17 U.S.C. §101 because it is a useful article.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages are barred, in whole or in part, as a result of its failure to mitigate damage it suffered, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the patents Five Below is alleged to have infringed are invalid for failure to meet the ornamental requirement, lack of novelty, obviousness, anticipation and/or indefiniteness.

WHEREFORE, Defendant Five Below, Inc. respectfully requests that judgment be entered in its favor and against Plaintiff and that Five Below be awarded its attorney's fees and costs.

### COUNTERCLAIMS OF FIVE BELOW, INC.

1. Counterclaim-Plaintiff Five Below, Inc. ("Five Below") seeks a declaration that U.S. Patent D804,596 ("the '596 Patent") and U.S. Patent D815,220 ("the '220 Patent") are invalid or unenforceable. Five Below similarly requests that the Court order the United States Patent and Trademark Office to cancel Trademark Registration 5,046,808 for CHALK BOMB!, which is generic or merely a descriptive term without secondary meaning. Finally, because

Plaintiff's copyright registration is invalid, the Court should order Plaintiff to cancel Registration No. VA-184-993.

## THE PARTIES

2. Five Below, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business at 701 Market Street, Philadelphia, PA 19106.

3. Upon information and belief, Lanard is a Hong Kong company with its principal place of business at Elite Centre, 28th Floor, 22 Hung To Road, Kwun Tong, Kowloon, Hong Kong.

## JURISDICTION

4. This counterclaim is for declaratory judgment arising under the Patent Laws of the United States, Title 35, the Lanham Act, 15 U.S.C. § 1121(a), and the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202.

5. Present, genuine, and justiciable controversies exist between Five Below and Counterclaim-Defendant regarding the alleged infringement of U.S. Patent No. D804,596 and U.S. Patent D815,220 under the patent laws of the United States, Title 35 of the United States Code, §§ 101, *et seq.* and the alleged infringement of Trademark Registration No. 5,046,808 under the Lanham Act.

6. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

7. Venue is proper in this district under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8. As pled by Counterclaim-Defendant, Lanard is the owner of U.S. Patent No. D804,596 and U.S. Patent No. D815,220 issued on December 5, 2017 and April 10, 2018, respectively. Plaintiff's Amended Complaint, Dkt. No. 9 (hereinafter "Complaint") at ¶16.

9. On August 13, 2018, Counterclaim-Defendant filed an Amended Complaint in this Court accusing Five Below infringing both the '596 and '220 Patents.

10. Five Below disputes the validity of the '596 and '220 Patents as the alleged inventions claimed in both are obvious and/or anticipated by prior art.

11. On information and belief, Counterclaim-Defendant's allegations are without substantial basis thereby making this case exceptional under 35 U.S.C. § 285 and entitling Five Below to an award of its attorneys' fees incurred in connection with defending and prosecuting this action due to Counterclaim-Defendant's knowledge that the '596 and '220 Patents are invalid and/or unenforceable against Five Below.

12. There is a substantial and actual controversy between Five Below and Counterclaim-Defendant over whether Five Below infringes the '596 and '220 Patents and whether the '596 and '220 Patents are valid or enforceable.

13. Counterclaim-Defendant's false allegations of infringement relating to the invalid '596 and '220 Patents have placed a cloud over Five Below's business.

14. There exists a clear and serious threat to Five Below's business so long as these issues regarding the '596 and '220 Patents remain unresolved. Five Below therefore needs and seeks resolution of the issues asserted in this Counterclaim to lift this cloud over its business. Five Below is entitled to declaratory relief in order to avoid wrongful injury to the reputation of its goods and services in the marketplace and other direct injury suffered from Counterclaim-Defendant's false allegations.

15. Counterclaim-Defendant avers that it is the owner of United States Trademark Registration No. 5,046,808 for CHALK BOMB! in connection with "toys comprised of chalk powder, namely, tossing toys and drawing toys." Complaint ¶15.

16. The mark CHALK BOMB! used in connection with the goods identified in the registration is generic or, alternatively, purely descriptive of the goods to which the mark is affixed, namely a toy "bomb" comprised of chalk.

17. Counterclaim-Defendant similarly uses the phrase "chalk bomb" in such a manner to describe the goods on which the mark is used.

18. Consumers do not associate CHALK BOMB! with Counterclaim-Defendant and, as such, Counterclaim-Defendant cannot demonstrate that the mark has acquired distinctiveness.

19. Given the genericness or descriptiveness of the alleged mark, and the lack of secondary meaning residing therein, Registration No. 5,046,808 should not have issued.

20. Counterclaim-Defendant avers that it is the owner of United States Copyright Registration No. VA 1-842-993.

21. The work embodied by United States Copyright Registration No. VA 1-842-993 is a useful article for expelling projectibles.

22. Copyright Registration No. VA 1-842-993 should not have been issued by the Copyright Office because the subject work is ineligible for protection because it meets the definition of useful article set forth in 17 U.S.C. §101.

## COUNT I

## DECLARATORY JUDGMENT OF INVALIDITY

23. Five Below restates and realleges each of the foregoing paragraphs of the Counterclaim as if fully set forth herein.

24. Counterclaim-Defendant alleges that the '596 and '220 Patents are valid and enforceable.

25. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counterclaim-Defendant and Five Below as to whether the '596 and '220 Patents are valid and enforceable against Five Below.

26. The claims of the '596 and '220 Patents are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including that it contains no ornamental elements, is anticipated by prior art or lacks novelty under 35 U.S.C. § 102, because prior art rendered the '596 and '220 Patents obvious under 35 U.S.C. § 103, and is indefinite under 35 U.S.C. § 112.

27. As neither the '596 nor '220 Patent should have issued, Five Below seeks a declaratory judgment that the '596 and '220 Patents are invalid or unenforceable.

## COUNT II

## CANCELLATION OF TRADEMARK NO. 5,046,808

28. Five Below restates and realleges each of the foregoing paragraphs of the Counterclaim as if fully set forth herein.

29. Counterclaim-Defendant avers that it is the owner of United States Trademark Registration No. 5,046,808 for CHALK BOMB! in connection with "toys comprised of chalk powder, namely, tossing toys and drawing toys." Complaint ¶15.

30. On August 13, 2018, Counterclaim-Defendant filed an Amended Complaint asserting that Five Below's use of "Chalk Smash" infringed Counterclaim-Defendant's alleged rights under the CHALK BOMB! mark thereby creating a live, actual, and justiciable case and controversy.

31. The mark CHALK BOMB! in connection with an exploding sack of chalk is purely generic and, therefore, does not function as a trademark.

32. Alternatively, the mark CHALK BOMB! used in connection with the goods identified in the registration is purely descriptive of the goods to which the mark is affixed, namely a toy "bomb" comprised of chalk.

33. Counterclaim-Defendant similarly uses the phrase "chalk bomb" in such a manner to describe the goods on which the mark is used.

34. Consumers do not associate CHALK BOMB! with Counterclaim-Defendant and, as such, Counterclaim-Defendant cannot demonstrate that the mark has acquired distinctiveness.

35. Counterclaim-Defendant's trademark registration was improperly issued by the United States Patent and Trademark Office because the term CHALK BOMB!, in connection with "toys comprised of chalk powder, namely tossing toys and drawing toys" is merely generic. As a consequence, the Registration of CHALK BOMB! should be declared invalid and unenforceable and Registration No. 5,046,808 should be cancelled.

36. Alternatively, Counterclaim-Defendant's trademark registration was improperly issued by the United States Patent and Trademark Office because the term CHALK BOMB!, in connection with "toys comprised of chalk powder, namely tossing toys and drawing toys" is merely descriptive and had not become distinctive of Counterclaim-Defendant's goods and lacks secondary meaning. As a consequence, the Registration of CHALK BOMB! should be declared invalid and unenforceable and Registration No. 5,046,808 should be cancelled.

37. The continued registration of the CHALK BOMB! mark therefore causes damage to Five Below.

38. The CHALK BOMB! registration should be cancelled pursuant to 15 U.S.C. § 1119.

## COUNT III

## DECLARATORY JUDGMENT

39. Five Below restates and realleges each of the foregoing paragraphs of the Counterclaim as if fully set forth herein.

40. Counterclaim-Defendant avers that it is the owner of United States Copyright Registration No. VA 1-842-993. Complaint ¶64.

41. On August 13, 2018, Counterclaim-Defendant filed an Amended Complaint asserting that Five Below's infringed United States Copyright

1 | Registration No. VA 1-842-993, thereby creating a live, actual, and justiciable
2 | case and controversy.

3 |     42.  The work embodied in United States Copyright Registration No. VA
4 | 1-842-993 is a useful article, namely, a utilitarian design for expelling projectiles.

5 |     43.  As a useful article, the work embodied in United States Copyright
6 | Registration No. VA 1-842-993 is not eligible for copyright registration and the
7 | subject registration should not have been issued.

8 |     44.  The continued registration of United States Copyright Registration No.
9 | VA 1-842-993 therefore causes damages to Five Below.

10 |     45.  The Court should declare United States Copyright Registration no. VA
11 | 1-842-993 invalid and thereafter Order Plaintiff to cancel Copyright Registration
12 | No. VA 1-842-993.

## PRAYER FOR RELIEF

WHEREFORE, Five Below prays for judgment in its favor and against Lanard as follows:

    A.    Dismissal of the Complaint with prejudice;

    B.    Denial of all relief sought by Lanard;

    C.    A declaratory judgment that the '596 and '220 Patents are invalid;

    D.    An Order directing the United States Patent and Trademark Office to cancel United States Trademark Registration 5,046,808;

    E.    An Order directing the Plaintiff to cancel United States Copyright Registration No. VA 1-842-993;

    F.    A declaration that this case is exceptional under the Lanham Act and Patent Act;

    G.    An award to Five Below for its costs and attorneys' fees; and

    H.    Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Five Below respectfully demands a trial by jury of all issues so triable.

October 3, 2018

Respectfully submitted,
PEPPER HAMILTON LLP


By: s/ Jeffrey M. Goldman
Jeffrey M. Goldman
Attorneys for Defendant
*Five Below, Inc.*